In The United States Bankruptcy Court
For the District of Minnesota

IN RE:

Cynthia Ann DeZurik     Case No -14-60006
Debtor     (chapter 7)

Erik Ahlgren, Trustee     Adversary No ___
Plaintiff

-v-

John Raymond DeZurik
Defendant

**Complaint To Sell Co-owned Property**
**Answer to Complaint**

Parties

1.) The Trustee is the duly qualified and acting chapter 7 Trustee of the bankruptcy estate of the Debtor.

2.) Defendant John Raymond DeZurik is the individual residing at 1917 4th ST N, Sartell MN 56377

☆ I Agree on the Parties

## Jurisdiction and Venue

I Agree with

## FACTS

I AGREE WITH

## COUNT 1 - Sale of Co-owned Property

1.) I Disagree with the Sale of My (Defendant) John Raymond DeZurik half of the Estate & camper located At Whitebirch Campground, Lot 10, Block 26 Section 2 & 1996 Collins camper

2.) Debtor - Cynthia Ann DeZurik has not paid for her half of Bank Mortgage loan for 2 years. Has not paid Annual Dues & Property taxes. This is still owed to Defendant.

3.) This was brought to the Trustee's attention and refused to pay

## COUNT 2 - Costs and Expenses of Sale (U.S.C 363j)

1.) I Disagree with the Costs & Expenses

1.) The property value is listed on tax statement for $30,300.⁰⁰ and Camper estimated between 1500.⁰⁰ - 1,000.⁰⁰ Current Loan from Plaza Park Bank is 29,407.²⁵ as of 5/21/14. May payment has not been sent. Trustee Erik Ahlgren refused to pay monthly payment to the Bank.

2.) Camper has up for sale for 2 years running.

3.) Added expenses besides the value of the property are the Realto Fees at 7%, closing costs, ect. The value of the property/camper do not outweigh what is owed.

Conclusion:

The Defendant John Raymond DeZvill disagrees and denies that the Trustee has the right to sell Co-Owned Property. The Trustee has no right to charge the Co-owners the costs for the Sale.
There is an outstanding loan on the

Property which I have been paying every month along with Taxes & fees that go with Property. The Debtor has not paid for Any of this for 2 years and the Plantiff feels they have NO right to Sell. Respectfully Submitted,

John Raymond DeZurite
Defendant
1917 4th ST N
Sartell MN 56377

DATE: 5/21/14 — SEND IN MAIL

CERTIFICATE of Service

CASE No 14-6006

ANSWER TO COMPLAINT

Sincerly
Defendant
John Raymond DeZurik

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE: | § § | |
| Cynthia Ann Dezurik, | § § | Case No. 14-60006 |
| | § | (Chapter 7) |
| Debtor | § § | |
| | | |
| Erik A. Ahlgren, Trustee, | § § | |
| Plaintiff, | § § | |
| | § | Adversary No. _____ |
| v. | § § | |
| John Raymond Dezurik, | § § | |
| Defendant. | § | |

## COMPLAINT TO SELL CO-OWNED PROPERTY

Erik A. Ahlgren ("Trustee"), the duly appointed and acting Chapter 7 Trustee for the Bankruptcy Estate of Cynthia Ann Dezurik ("Debtor"), files this complaint to sell co-owned property and, in support of this complaint, states as follows:

### PARTIES

1. The Trustee is the duly qualified and acting Chapter 7 Trustee of the bankruptcy estate of the Debtor.

2. Defendant John Raymond Dezurik is an individual residing at 1917 4th Street North, Sartell, MN 56377.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1334 and 157. This matter constitutes a core proceeding within the meaning of 28 U.S.C. §157(b)(2).

COMPLAINT - Page 1

4. Venue is proper in this district pursuant to 28 U.S.C. §1408 and 1409 because the Debtor's Chapter 7 bankruptcy proceeding is pending in this district and the causes asserted herein arise under Title 11 or arise in or are related to a case under Title 11.

## FACTS

5. On January 3, 2014, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

6. The Trustee is the duly appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate.

7. The Debtor and the Defendant each hold a one-half interest in real property located at 7070 Dove Street, Whitebirch Camp Ground, Breezy Point, Crow Wing County, legally described as Lot 10, Block 26, Whitebirch Camping Clusters Section 2, and a 1996 Collins camper (the "Co-Owned Property").

8. The Debtor's interest in the Co-Owned Property is property of the bankruptcy estate pursuant to 11 U.S.C. §541(a).

## COUNT 1 - SALE OF CO-OWNED PROPERTY 11 U.S.C. §363(H)

9. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein at length.

10. Pursuant to 11 U.S.C. §363(h) the Trustee seeks an order authorizing the sale of both the estate's interest and the interest of the Defendant as co-owner in the Co-Owned Property.

11. Partition in kind of the Co-Owned Property among the estate and the co-owner is impracticable. The Co-Owned Property includes a single lot and camper, possession of which may not be readily partitioned.

12. The sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of the Defendant as co-owner.

13. The benefit to the estate of a sale of such property free of the interests of the co-owner outweighs the detriment, if any, to the co-owner.

14. The Co-Owned Property is not used for the production, transmission, or distribution, for sale, of electrical energy or of natural or synthetic gas for heat, light or power.

15. The Trustee meets all of the requirements of §363(h) of the Bankruptcy Code to sell the Co-Owned Property.

### COUNT 2- COSTS AND EXPENSES OF SALE 11 U.S.C. §363(J)

16. The Trustee hereby incorporates all of the foregoing and ensuing allegations as if fully set forth herein.

17. Pursuant to §363(j) of the Bankruptcy Code, the Trustee seeks an order authorizing the Trustee to charge the Defendants with its share of the costs and expenses of selling the Co-Owned Property.

### CONCLUSION

**WHEREFORE,** the Trustee respectfully requests that he be authorized to sell the Co-Owned Property, including the estate's interest and the interest of all co-owners pursuant to the provisions of 11 U.S.C. §363(h), that he be authorized to charge the co-owner with his share of the costs and expenses of the sale pursuant to the provisions of 11 U.S.C. §363(j) and that Trustee be granted such other and further relief, at law or in equity, to which the Trustee may be justly entitled. Respectfully submitted,

                                        AHLGREN LAW OFFICE, PLLC

Dated: <u>April 22, 2014</u>        By: <u>/e/ Erik A. Ahlgren</u>
                                         State Bar No. 191814
                                         220 West Washington Ave.
                                         Fergus Falls, MN 56537
                                         Telephone: (218) 998-2775
                                         Facsimile: (218) 998-6404

                                        ATTORNEYS FOR TRUSTEE